# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL J. ROBINSON,** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | |
| **v.** | § | **SA-10-CV-1043 OG (NN)** |
| | § | |
| **TYSON FOODS, INC.,** | § | **(Consolidated with** |
| | § | **SA-10-CV-1045 OG (NN)** |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:** **Honorable Orlando Garcia**
**United States District Judge**

This report and recommendation addresses defendant Tyson Foods, Inc.'s

motion to dismiss.[1]  I have jurisdiction to enter this report and recommendation under

28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for

disposition by order or to aid the district court by recommendation where my authority

as a magistrate judge is statutorily constrained.  After considering the motion, I

recommend granting the motion and dismissing this case as time-barred.

   **Nature of the case and procedural background**.  Plaintiff Michael J. Robinson

initiated these cases on December 27, 2010 by filing motions to proceed in forma

---

[1]Docket entry # 19 in Cause No. 10-CV-1043.

pauperis[2] and motions for an extension of time to file complaints.[3] Robinson indicated that he sought to file employment discrimination lawsuits under state and federal law. Because no authority exists for a court to extend the statutory time periods for filing a complaint under state or federal law, I denied the motions and directed Robinson to file his complaints as soon as possible.[4] Robinson filed his complaints on January 18, 2011.[5]

The complaints in both cases were the same in all relevant respects. The complaints indicated Robinson seeks to sue his former employer, Tyson Foods, Inc. (Tyson), for gender and race discrimination under Title VII of the Civil Rights Act of 1964, age discrimination under The Age Discrimination in Employment Act (ADEA), disability discrimination under The Americans with Disabilities Act (ADA), and pay discrimination under The Equal Pay Act. Robinson's pleadings indicate Robinson worked for Tyson for 33 years, he was injured in 2004, and he was terminated on April 21, 2009 due to medical restrictions preventing him from performing his former work.

After Robinson filed his complaints, I recommended consolidating Robinson's cases because the cases involve a common question of law or fact.[6] I also granted

---

[2]Docket entry # 1 in both cases.

[3]Docket entry # 2 in both cases.

[4]*See* docket entry # 4 in Cause No. 10-CV-1043 & # 3 in Cause No. 1045.

[5]Docket entry # 7 in Cause No. 10-CV-1043 & # 4 in Cause No. 10-CV-1045.

[6]Docket entry # 11 in Cause No. 10-CV-1043.

Robinson's motions to proceed in forma pauperis and directed service on Tyson.[7]  Since

that time, the district judge consolidated the cases.[8]

Tyson responded to service by moving to dismiss under Rule 12(b)(6).[9]  Under

that rule, the district court may dismiss a case for failing to state a claim upon which

relief may be granted.[10]  I advised Robinson about the necessity of responding to

Tyson's motion.[11]  Robinson filed a response.[12]  Tyson's motion is ripe for the court's

consideration.

**Tyson's motion**.  Tyson advanced two dispositive reasons for dismissing this

case: (1) Robinson's claims under Title VII, the ADEA, and the ADA should be

dismissed because Robinson did not file his complaint within the required time period,

and (2) Robinson's EPA claim should be dismissed because Robinson pleaded no

allegations to support a claim under that statute.

**Whether Robinson timely filed his charge**.  Under Title VII, a claimant has 90

---

[7]Docket entry # 14 in Cause No. 10-CV-1043.

[8]Docket entry # 18 in Cause No. 10-CV-1043.

[9]Docket entry # 19 in Cause No. 10-CV-1043.

[10]Fed. R. Civ. P. 12(b)(6) (permitting a party to move for dismissal for "failure to state a claim upon which relief can be granted").

[11]Docket entry # 21 in Cause No. 10-CV-1043.

[12]Docket entry # 22 in Cause No. 10-CV-1043.

days to file a civil action after receipt of a right-to-sue letter from the EEOC.[13]  Claims

under the ADEA[14] and the ADA[15] have the same 90-day filing deadline.  The 90-day

deadline is strictly construed.[16]

Rule 3 provides that a "civil action is commenced by filing a complaint with the

court."  Robinson filed his complaints on January 18, 2011.[17]  That date is outside of the

90-day filing period.  Robinson received his notice-of-right-to-sue letter through an

attorney on September 28, 1010.[18]  Ninety days after September 28, 2010 is December 27,

2010.  The filing date falls outside of the 90-day time period for filing a complaint.

Robinson's attorney advised him on October 21, 2010, that he had until

December 27, 2010 to file a civil action.[19]  Robinson sought extensions of time to file

complaints on December 27, 2010, but that action did not satisfy the time-to-file

requirement.  Robinson also presented a copy of his right-to-sue letter to the clerk on

---

[13]*Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002).

[14]29 U.S.C. § 626(e) (providing for civil action under ADEA 90 days after the date of receipt from EEOC).

[15]*Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (determining that a plaintiff complaining under the ADA must comply with Title VII's administrative prerequisites prior to commencing an action in federal court against an employer).

[16]*Taylor*, 296 F.3d at 379.

[17]Docket entry # 7 in Cause No. 10-CV-1043 & # 4 in Cause No. 10-CV-1045.

[18]Docket entry # 2, ex. 1 in Cause No. 10-CV-1043.

[19]*See* docket entry # 7, ex. 1 in Cause No. 10-CV-1043.

December 27, 2010, but the right-to-sue letter does not satisfy the time-to-file requirement because Rule 3 requires the filing of a complaint.[20]  Robinson did not timely file a complaint, and therefore, Robinson's claims under Title VII, the ADEA, and the ADA are time-barred.  This result should not surprise Robinson because his attorney told him about the filing deadline on October 21, 2010[21] and because  two other attorneys advised him that his case was old.[22]

**Whether Robinson stated a claim under the EPA**.  Robinson provided no details for a claim under the EPA.  He only checked the box on his pro se complaint reading "The Equal Pay Act."  Tyson asked the court to dismiss Robinson's claim under the EPA because Robinson did not made a prima facie case under the statute.

"To establish a prima facie case under the Equal Pay Act, [Robinson] must show: (1) [his] employer is subject to the Act; (2) [he] performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) [he] was paid less than the employee of the opposite sex providing the basis of comparison."[23] An EPA claim that does not allege the elements of a prima facie case fails to state a claim

---

[20]*See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-51 (1984) (explaining that sending the clerk a copy of the right-to-sue letter does not constitute filing a complaint or toll Title VII's 90-day time-period for filing).

[21]*See* docket entry # 7, ex. 1, in Cause No. 10-CV-1043.

[22]Docket entry # 6 in Cause No. 10-CV-1043..

[23]*Chance v. Rice Univ*., 984 F.2d 151, 153 (5th Cir. 1993).

upon which relief can be granted.

Robinson did not allege that Tyson is subject to the EPA, or that Robinson performed work in a position requiring equal skill, effort, and responsibility under similar working conditions or that he was paid less than an employee of the opposite sex. Consequently, Robinson's complaint fails to state a claim. The EPA claim is appropriately dismissed under Rule 12(b)(6). Robinson effectively abandoned his EPA claim by failing to address Tyson's argument in his response.

**Claim under state law**. To the extent that Robinson sought to sue Tyson under state law, that claim is also time-barred. Under the Texas Commission on Human Rights Act, a complainant may bring a civil action "[w]ithin 60 days after the date a notice of the right to file a civil action is received. . . ."[24] Robinson received his right-to-sue letter from the Texas Workforce Commission on October 27, 2010. Sixty days after October 27, 2010 is December 26, 2010. Because that day fell on a Sunday, Robinson had until December 27, 2010 to file a complaint. Robinson filed his complaint after December 27, 2010.

**Recommendation**. I recommend: (1) granting Tyson's motion (docket entry # 19), (2) dismissing Robinson's claims under Title VII, the ADEA, and the ADA as time-barred, and (3) dismissing Robinson's claim under the EPA for failing to state a claim. To the extent Robinson sought to sue under state law, I recommend dismissing state-

---

[24]Tex. Lab. Code Ann. § 21.254.

law claims as time-barred.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[25] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of

---

[25]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court.[27]

      **SIGNED** on May 2, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).